THE NEW ORLEANS INSURANCE COMPANY *v.* FRANCISCO TIO.

A minor cannot claim a legal mortgage on the property of a person who interferes with the administration of his estate, unless the person so interfering was domiciliated in Louisiana, and the property within its jurisdiction.

After the removal of a minor to Louisiana, through the agency of one who had intermeddled with the minor's estate abroad, a legal mortgage attaches to protect the minor against an unauthorized administration of his property situated here.

Where there is a question of imputation of payment, the payment will be imputed to the debt bearing a mortgage, rather than to those which do not bear a mortgage.

APPEAL from the Fourth District Court of New Orleans, *Price,* J. *Benjamin, Bradford & Finney,* for plaintiff. *H. M. Spofford* and *E. Filleul,* for defendant and appellant.

MERRICK, C. J. The opinion of the District Judge is as follows :

" Plaintiffs, the holders of a mortgage note for $2,500, drawn by defendant, took out executary process and caused the mortgaged property to be seized and sold, to satisfy said mortgaged note, *Joseph Marcos Tio et als.*, file their third opposition, and claim to be judgment creditors of said defendant, with a legal mortgage on all his property, from 27th August, 1837, by reason of a certain judgment rendered in their favor by the Fifth District Court of this city against *Francisco Tio,* No. 11386 of the docket of said court. By reference to the proceedings in said suit, it appears that said judgment exceeds $200,000, and was obtained against the defendant for having despoiled plaintiffs of the entirety of the succession of their ancestor, situated in Tobasco, Mexico, and Pensacola, Florida ; and they claim that by virtue of Art. 3283 C. C., they have a legal mortgage on the property of the defendant, reckoning from the day on which the first act of interference was done. From the evidence, it appears that the defendant, took possession of the valuable estate of *Tio,* situated in Tobasco and Pensacola, and converted the same to his own use. Does such a spoliation and conversion of the ancestor's property, give a legal mortgage on all defendant's property in this State, to the prejudice of *bona fide* resident creditors of this State? At the time of the death of *Tio,* and the spoliation and conversion of the estate, the opponents were all residents of Tobasco, and the conversion took place at Tobasco and Pensacola. I consider that the Article 3283 only applies to interferences with the minor's property, which is situated and is the subject of administration in this State, and cannot be extended to interferences or conversions of the minor's property situated abroad. See *Pratts* v. *His Creditors,* 12 Rob. 508 ; *Arnold* v. *McBride,* 6 An. 703 ; *Stewart* v. *His Creditors,* 12 An. 89 and 849.

" So that to entitle a minor to claim a legal mortgage on the property of a person who interferes in the administration of his property, it is necessary that the person interfering, as well as the property interfered with, shall be domiciled or located in this State. The debt must originate here, and the property interfered with, must be the subject of administration in this State."

The foregoing opinion, which we adopt as our own, disposes of the whole case, except as to the slave *Nancy.* We think, that after the minors were removed to Louisiana, through the agency of defendant, a mortgage attached upon his

property, under Art. 3283 C. C. to protect them against his unauthorized administration of their property situated here.

But we agree with plaintiff's counsel, that inasmuch as this is the only debt bearing a mortgage, the payment already made must be imputed to this debt. See C. C. 2162 ; *Forstall & Co.* v. *Blanchard,* 12 La. 6 ; *Dunlop, Moncure & Co.* v. *Tarkington,* 5 An. 569.

The administration of the defendant having affected only a single thing in this case, there is no reason to apply the rule recognized in the case of *Brown* v. *Roberts,* 14 An.

We think the judgment of the District Court must be affirmed, which is accordingly done.